IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Miranda Tsang<br>　　　　　　Debtor | | CHAPTER 13 |
| William C. Miller<br>　　　　　　Movant<br>　vs.<br>Nationstar Mortgage LLC<br>　　　　　　Respondent | | NO. 12-20703 AMC |

## STIPULATION AND AGREED ORDER, RESOLVING TRUSTEE'S MOTION FOR TURNOVER

In resolution of the Chapter 13 Standing Trustee's Motion for Turnover, it is hereby stipulated and agreed by and between the Movant, William C. Miller, Esq., Chapter 13 standing trustee (hereinafter the "Trustee"), and Nationstar Mortgage, LLC (hereinafter the "Respondent"), by and through its undersigned counsel, as follows:

WHEREAS,

1. Debtor Miranda Tsang (hereinafter "Debtor") filed the above-captioned bankruptcy case on November 15, 2012, and a Chapter 13 plan was confirmed on March 20, 2014.

2. Pursuant to the confirmed plan, the standing trustee was to pay Respondent the sum of $42,883.00, which was done, the last payment to the Respondent having been made on January 9, 2017.

3. The plan provided that the aforesaid payment of $42,883.00 was for the purpose of curing the default on Debtor's mortgage loan with Nationstar Mortgage, LLC (Respondent). The plan also provided that the Debtor would make the regular post-petition mortgage payments directly to the Respondent.

4. A proof of claim was filed in the case by Bank of America, N.A. on February 8, 2013 (Claim No. 5) setting forth a secured claim arising out of the aforesaid mortgage loan secured by a mortgage on Debtor's residence at 1617 Hampton Road, Havertown, PA 19083. The claim was transferred from Bank of America, N.A. to the Respondent during the bankruptcy case. Evidence of the transfer was filed with the court on March 20, 2013.

5. The proof of claim set forth a secured claim in the amount of $52,352.10, including pre-petition arrears in the amount of $42,883.00.

6. On or about August 19, 2015, Debtor entered into a loan modification agreement with the Respondent regarding the aforesaid mortgage loan. By that time, the Trustee had disbursed payments totaling $27,831.60 to the Respondent.

7. Following the aforesaid loan modification, the Debtor never filed a motion to modify her Chapter 13 Plan to cease plan payments to the Respondent or to alter the treatment of Respondent's claim.

8. On April 28, 2017, after the final Trustee disbursement to the Respondent under the plan had been made, Respondent filed a motion for court approval of the aforesaid loan modification.

9. In accordance with the terms of the loan modification, all amounts and arrearages past due as of the Modification Effective date, including unpaid and deferred interest, fees, escrow advances, and other costs (but excluding late charges), were incorporated into a new principal balance of $46,986.78, and a new maturity date was set for the loan along with modified repayment terms.

10. Respondent applied the Trustee disbursements made to it prior to the loan modification toward the pre-petition mortgage arrears, in accordance with the Chapter 13 plan.

11. Following both the date on which the Debtor and Respondent entered into the loan modification on August 19, 2015, and the effective date of the loan modification of September 1, 2015, the Trustee disbursed additional payments to the Respondent under the plan totaling

$15,051.40.

NOW, THEREFORE, with the intent that the following shall be made an order of the court,

1. Respondent, or its successor or assignee, shall be entitled to retain the sum of $27,831.60 that was paid to it by the Trustee prior to the loan modification.

2. Within _____ days of the Court order granting and/or approving of this stipulation, Respondent, or its successor or assignee, will file an amended proof of claim to reflect that the amount necessary to cure the pre-petition mortgage loan default that was not cured by the loan modification is $27,831.60 and to reflect that the total claim amount as of the loan modification effective date is $46,986.78.

3. Within _____ days of the Court order granting and/or approving of this stipulation, Respondent, or its successor or assignee, will return to the standing trustee the sum of $15,051.40, for disbursement by the Trustee under the confirmed chapter 13 plan.

Date: December 28, 2017

BY: /s/ Shane H. Hobbs, Esquire
For Debtor
Masonic Building, 3rd fl.
4 South 2nd Street
Pottsville, PA 17901
P. 570 628 2806
F. 570 628 5008
shane@shanehobbslawoffice.com

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

_____
Jack Miller, Esquire
Chapter 13 Trustee

Approved and SO ORDERED by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Hon. Ashely M. Chan
United States Bankruptcy Judge