United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                        Case No. 12-20703-amc
Miranda Tsang                                                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW           Page 1 of 1              Date Rcvd: Feb 28, 2018
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 02, 2018.
db             +Miranda Tsang,    1617 Hampton Road,    Havertown, PA 19083-2505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 02, 2018                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 28, 2018 at the address(es) listed below:
              ALEXANDRA T. GARCIA    on behalf of Creditor    Bank of America, N.A. ecfmail@mwc-law.com
              ANN E. SWARTZ    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              ANN E. SWARTZ    on behalf of Creditor    Bank of America, N.A. ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    BANK OF AMERICA, N.A. ecfmail@mwc-law.com
              JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
               ecfemails@ph13trustee.com
              JEROME B. BLANK    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW
               YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST
               2006-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              LESLIE J. RASE    on behalf of Creditor    The Bank of New York Mellon, by its attorney in fact
               Ocwen Loan Servicing, LLC pabk@logs.com,    lerase@logs.com
              MARIO J. HANYON    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              MARISA MYERS COHEN    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC mcohen@mwc-law.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              SHANE H. HOBBS    on behalf of Debtor Miranda  Tsang bkynotices@shanehobbslawoffice.com,
               shane@shanehobbslawoffice.com
              STEVEN K. EISENBERG    on behalf of Creditor    The Bank of New York Mellon, by its attorney in
               fact Ocwen Loan Servicing, LLC seisenberg@sterneisenberg.com,    bkecf@sterneisenberg.com
              THOMAS I. PULEO    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
               AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-1,
               MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Miranda Tsang<br>            Debtor | | CHAPTER 13 |
| William C. Miller<br>            Movant<br>vs.<br>Nationstar Mortgage LLC<br>            Respondent | | NO. 12-20703 AMC |

### STIPULATION AND AGREED ORDER, RESOLVING TRUSTEE'S MOTION FOR TURNOVER

In resolution of the Chapter 13 Standing Trustee's Motion for Turnover, it is hereby stipulated and agreed by and between the Movant, William C. Miller, Esq., Chapter 13 standing trustee (hereinafter the "Trustee"), and Nationstar Mortgage, LLC (hereinafter the "Respondent"), by and through its undersigned counsel, as follows:

WHEREAS,

1. Debtor Miranda Tsang (hereinafter "Debtor") filed the above-captioned bankruptcy case on November 15, 2012, and a Chapter 13 plan was confirmed on March 20, 2014.

2. Pursuant to the confirmed plan, the standing trustee was to pay Respondent the sum of $42,883.00, which was done, the last payment to the Respondent having been made on January 9, 2017.

3. The plan provided that the aforesaid payment of $42,883.00 was for the purpose of curing the default on Debtor's mortgage loan with Nationstar Mortgage, LLC (Respondent). The plan also provided that the Debtor would make the regular post-petition mortgage payments directly to the Respondent.

4. A proof of claim was filed in the case by Bank of America, N.A. on February 8, 2013 (Claim No. 5) setting forth a secured claim arising out of the aforesaid mortgage loan secured by a mortgage on Debtor's residence at 1617 Hampton Road, Havertown, PA 19083. The claim was transferred from Bank of America, N.A. to the Respondent during the bankruptcy case. Evidence of the transfer was filed with the court on March 20, 2013.

5. The proof of claim set forth a secured claim in the amount of $52,352.10, including pre-petition arrears in the amount of $42,883.00.

6. On or about August 19, 2015, Debtor entered into a loan modification agreement with the Respondent regarding the aforesaid mortgage loan. By that time, the Trustee had disbursed payments totaling $27,831.60 to the Respondent.

7. Following the aforesaid loan modification, the Debtor never filed a motion to modify her Chapter 13 Plan to cease plan payments to the Respondent or to alter the treatment of Respondent's claim.

8. On April 28, 2017, after the final Trustee disbursement to the Respondent under the plan had been made, Respondent filed a motion for court approval of the aforesaid loan modification.

9. In accordance with the terms of the loan modification, all amounts and arrearages past due as of the Modification Effective date, including unpaid and deferred interest, fees, escrow advances, and other costs (but excluding late charges), were incorporated into a new principal balance of $46,986.78, and a new maturity date was set for the loan along with modified repayment terms.

10. Respondent applied the Trustee disbursements made to it prior to the loan modification toward the pre-petition mortgage arrears, in accordance with the Chapter 13 plan.

11. Following both the date on which the Debtor and Respondent entered into the loan modification on August 19, 2015, and the effective date of the loan modification of September 1, 2015, the Trustee disbursed additional payments to the Respondent under the plan totaling

$15,051.40.

NOW, THEREFORE, with the intent that the following shall be made an order of the court,

1. Respondent, or its successor or assignee, shall be entitled to retain the sum of $27,831.60 that was paid to it by the Trustee prior to the loan modification.

2. Within 10 days of the Court order granting and/or approving of this stipulation, Respondent, or its successor or assignee, will file an amended proof of claim to reflect that the amount necessary to cure the pre-petition mortgage loan default that was not cured by the loan modification is $27,831.60 and to reflect that the total claim amount as of the loan modification effective date is $46,986.78.

3. Within 30 days of the Court order granting and/or approving of this stipulation, Respondent, or its successor or assignee, will return to the standing trustee the sum of $15,051.40, for disbursement by the Trustee under the confirmed chapter 13 plan.

Date: December 28, 2017

BY: /s/ Shane H. Hobbs, Esquire
For Debtor
Masonic Building, 3rd fl.
4 South 2nd Street
Pottsville, PA 17901
P. 570 628 2806
F. 570 628 5008
shane@shanehobbslawoffice.com

By: /s/ Thomas I. Puleo, Esquire

Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Jack Miller, Esquire
Chapter 13 Trustee

Approved and SO ORDERED by the Court this _____ day of _____, 2017.
However, the court retains discretion regarding entry of any further order.

**Date: February 28, 2018**

Hon. Ashely M. Chan
United States Bankruptcy Judge